UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M RESORTS, LTD., an Idaho Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND LIFE INSURANCE COMPANY AKA NEW ENGLAND VARIABLE LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 19-cv-1545-WQH-AGH<br><br>**ORDER** |

HAYES, Judge:

On July 8, 2019, Plaintiff M Resorts, Ltd., initiated this action by filing a Complaint in the Superior Court for the State of California, County of San Diego. (ECF No. 1-2). The caption of the Complaint names Defendants 1) New England Life Insurance Company a.k.a. New England Variable Life Insurance Company ("New England Life"); 2) Brighthouse Life Insurance Company ("Brighthouse"); and 3) MetLife Auto & Home Insurance Agency, Inc. ("MetLife"). The body of the Complaint identifies a fourth Defendant not named in the caption: New England Financial. (*Id.* ¶ 4). On August 16, 2019, New England Life, Brighthouse, and MetLife (collectively, the "Removing Defendants")

filed a Notice of Removal, which states that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2).

"Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1441(a)). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). The citizenship of all defendants, both served and unserved, determines whether the complete diversity requirement has been met. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see id.* ("Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

For the purposes of determining diversity of citizenship, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of "every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The citizenship of a traditional trust is the citizenship of its trustee or trustees. *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229 (9th Cir. 2019). "The natural person's state of citizenship is [ ] determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The removing party bears the burden of proving that subject matter jurisdiction exists. *Matheson*, 319 F.3d at 1090.

"[T]he question of whether a defendant is properly in a case is not resolved merely by reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (citation omitted). "[T]he determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint

and not upon his inclusion in the caption." *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).

In this case, Plaintiff brings claims for 1) declaratory judgment or relief; 2) breach of contract; 3) negligence; and 4) violation of California's Unfair Competition Law, California Business and Professions Code § 17200, *et. seq.* against "Defendants." In the body of the Complaint, Plaintiff identifies four "Defendants:" New England Life, Brighthouse, New England Financial, and MetLife. (ECF No. 1-2 ¶¶ 2-5). Plaintiff alleges in the body of the Complaint under the heading, "Parties:"

> Defendant New England Financial, is a MetLife Company of unknown form with its principal place of business believed to be in Pittsburgh, PA, which is doing business in the State of California, County of San Diego, servicing life insurance policies, including the life insurance policy out of which this action arises.

(ECF No. 1-2 ¶ 4). Although Plaintiff fails to name New England Financial as a Defendant in the caption of the Complaint, the body of the Complaint identifies New England Financial as a Defendant and alleges how New England Financial is connected to Plaintiff's claims. These allegations indicate Plaintiff intended to name New England Financial as a Defendant. *See Cal. Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 Fed. App'x 727, 729 (9th Cir. 2001) ("While the non-diverse party was not listed in the caption or in the summons, as it technically should have been, it was clearly listed as a plaintiff in the body of the complaint, thereby providing notice to the defendants. The presence or absence of federal jurisdiction should not hinge on a technicality such as failing to include a party in the caption when that party is named within the complaint. Therefore, the original complaint did not allege complete diversity.").

The Removing Defendants allege the citizenship of Plaintiff and each Removing Defendant. The Removing Defendants fail to identify the citizenship of Defendant New England Financial or plead facts demonstrating its citizenship should be disregarded. The citizenship of New England Financial cannot be determined from the allegations in the Complaint. The Court, therefore, cannot determine that complete diversity exists. As the

party with "the burden of establishing that removal is proper," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the Removing Defendants must either allege New England Financial's citizenship or facts to show the Court should not consider its citizenship in deciding whether it has diversity jurisdiction in this case.

The Removing Defendants are ORDERED TO SHOW CAUSE why removal was proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Removing Defendants shall respond to this Order within twenty days of the date of this Order.

Dated: October 30, 2019

*[signature]*
Hon. William Q. Hayes
United States District Court