# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M RESORTS, LTD., an Idaho Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND LIFE INSURANCE COMPANY AKA NEW ENGLAND VARIABLE LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 19-cv-1545-WQH-AGH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Strike and Dismiss Portions of Complaint filed by Defendants New England Life Insurance Company a.k.a. New England Variable Life Insurance Company, Brighthouse Life Insurance Company, and MetLife Auto & Home Insurance Agency, Inc. (ECF No. 3).

## I. BACKGROUND

On July 8, 2019, Plaintiff M Resorts, Ltd., ("M Resorts") initiated this action by filing a Complaint in the Superior Court for the State of California, County of San Diego, against Defendants New England Life Insurance Company a.k.a. New England Variable Life

Insurance Company ("New England Life"), Brighthouse Life Insurance Company ("Brighthouse"), MetLife Auto & Home Insurance Agency, Inc. ("MetLife"), and New England Financial.[1] (ECF No. 1-2). In the Complaint, M Resorts alleges that it purchased a $5,000,000 life insurance policy from New England Life on the life of "key member" Richard V. Gibbons, effective April 27, 2000. (*Id.* ¶¶ 8-9).

M Resorts alleges that in February 2019, it received a Notice of Lapse from Defendants stating that the policy had been terminated "due to insufficient cash value required to purchase an additional month's cost of insurance due on November 27, 2018." (*Id.* ¶ 13). M Resorts alleges that the Notice of Lapse stated the policy could be reinstated if M Resorts made a premium payment of $33,943.88 and submitted additional forms. M Resorts alleges that it made the $33,943.88 payment on March 8, 2019, but did not submit any forms. M Resorts alleges that Defendants cashed the $33,943.88 check. M Resorts alleges that it paid a total of $570,017.99 to Defendants on the policy from the policy's inception through March 2019.

M Resorts alleges that it received a letter from Defendants in April 2019, stating that Defendants had "received $33,943.88 *toward the total premium needed*" to reinstate the Policy. (*Id.* ¶ 15 (emphasis in original)). M Resorts alleges that the letter stated M Resorts needed to complete and return an Application for Life Insurance Policy Reinstatement. M Resorts alleges that the letter stated that once Defendants received the "'requested information' they would 'consider' the Policy for reinstatement." (*Id.* ¶ 15). M Resorts alleges that it "advised Defendants that it had no advance notice of the premiums due, the overdue premiums, the running of the grace period, and/or the pending lapse . . . and

---

[1] On October 30, 2019, the Court ordered Defendants to show cause why removal based on diversity jurisdiction was proper, because the removing Defendants did not allege the citizenship of New England Financial. (ECF No. 9). Defendants responded that New England Financial is not a legal entity with the capacity to be sued. It is a "service mark registered to defendant New England Life Insurance Company with the United States Patent and Trademark Office." (ECF No. 12 at 2).

demanded immediate reinstatement of the Policy in its original form." (*Id.* ¶ 16). M Resorts alleges that Defendants refused to reinstate the policy.

M Resorts brings claims against Defendants for 1) declaratory judgment or relief; 2) breach of contract; 3) negligence; and 4) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et. seq.* M Resorts seeks "a declaration of the rights and duties of the Parties, including an Order that Defendants have waived any alleged right to additional application, medical records or underwriting and that the Policy is in full force and effect on its original terms and provisions." (*Id.* at 18). M Resorts seeks damages and "restoration of money damages" "personally, and on behalf of the general public." (*See id.* ¶ 46). M Resorts seeks "personal and public injunctive relief against Defendants' ongoing business practices." (*Id.*). M Resorts seeks punitive and exemplary damages and attorneys' fees, costs, and prejudgment interest.

On August 16, 2019, Defendants removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1332(a)(1). (ECF No. 1).

On August 23, 2019, Defendants filed a Motion to Strike and Dismiss Portions of Complaint. (ECF No. 3). On September 13, 2019, M Resorts filed a Response in opposition to Defendants' Motion to Strike and Dismiss. (ECF No. 5). On September 23, 2019, Defendants filed a Reply. (ECF No. 6).

## II. MOTION TO STRIKE

Defendants move the Court to strike under Rule 12(f) of the Federal Rules of Civil Procedure 1) M Resorts' request for injunctive relief and damages on behalf of the general public; 2) M Resorts' request for attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure; 3) M Resorts' request for attorneys' fees pursuant to the UCL; and 4) M Resorts' request for attorneys' fees "as permitted by law and contract" and pursuant to M Resorts' breach of contract claim (ECF No. 3-1 at 2).

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Redundant" matter is needlessly repetitive. *See Cal. Dep't of Toxic*

3

*Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Immaterial" matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711. Scandalous matter "cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Motions to strike are generally disfavored. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959 at 965 (9th Cir. 2014).

"Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010). Rule 12(f) is "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Id.* (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977)).

In this case, each portion of the Complaint Defendants request the Court strike is a request for relief. The Ninth Circuit Court of Appeals in *Whittlestone, Inc.*, denied a similar request by the defendant to strike the plaintiff's request for lost profits and consequential damages. 618 F.3d at 976. The court stated:

> It is quite clear that none of the five categories [in Rule 12(f)] covers the allegations in the pleading sought to be stricken by HandiCraft. First, the claim for damages is clearly not an insufficient defense; nobody has suggested otherwise. Second, the claim for damages could not be redundant, as it does not appear anywhere else in the complaint. Third, the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief. *See Fogerty,* 984 F.2d at 1527 ('Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.') (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990) (quotation marks omitted)). Fourth, the claim for damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged. *Id.* ('Impertinent matter consists

4

19-cv-1545-WQH-AGH

of statements that do not pertain, and are not necessary, to the issues in question.') (quotation marks and citation omitted). Finally, a claim for damages is not scandalous, and Handi–Craft has not alleged as much.

*Id.* at 974. The court determined that the defendant's claim that the plaintiff's request for damages should be stricken was "really an attempt to have certain portions of [the] complaint dismissed" and was "better suited for a Rule 12(b)(6) motion." *Id.* (citations omitted); *see Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints . . . .").

Defendants assert that the Court should strike M Resorts' requests for attorneys' fees and public damages and injunctive relief because M Resorts does not meet the legal requirements to recover the requested relief. *See* ECF No. 3-1 at 5 ("[A]n award of fees is not authorized by either of the cited statutes nor pursuant to any other applicable law or content."); *id.* at 6 ("Plaintiff has failed to allege that it is entitled to fees under section 1021.5."); *id.* at 7 (contending M Resorts cannot request public injunctive relief and damages because "Plaintiff must pursue class action relief in order to seek benefits or remedies on behalf of the general public"). Defendants challenge the legal sufficiency of the requests for relief, which is not appropriate for a motion to strike.[2] *See, e.g.*, *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012) (denying motion to strike request for attorneys' fees pursuant to the *Whittlestone* rule); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1195 (C.D. Cal. 2010) ("The Ninth Circuit's reasoning in *Whittlestone* applies with equal force to claims for injunctive relief.").

---

[2] Each case Defendants cite for the proposition that the Court may strike "the prayer for relief, when the damages sought are not recoverable as a matter of law" predates *Whittlestone*. (*See* ECF No. 3-1 at 4).

Defendants fail to establish that M Resorts' requests for relief fall into any of the five categories articulated in Rule 12(f). Defendants' request that the Court strike certain requests for relief in the Complaint is denied.

## III. MOTION TO DISMISS

Defendants move the Court in the alternative to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure 1) M Resorts' request for injunctive relief and damages on behalf of the general public; 2) M Resorts' request for attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure; 3) M Resorts' request for attorneys' fees pursuant to the UCL; and 4) M Resorts' request for attorneys' fees "as permitted by law and contract" and pursuant to M Resorts' breach of contract claim (ECF No. 3-1 at 2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a

complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

### a. Damages and Injunctive Relief on Behalf of the General Public

Defendants contend that the Court should dismiss M Resorts' requests for monetary damages and injunctive relief on behalf of the general public pursuant to its UCL claim. Defendants contend that M Resorts may not obtain remedies for the general public because it has not brought its action as a class action. M Resorts "has no objection to the Court entering its order to strike [ ] the request for monetary restitution/damages on behalf of the general public . . . ." (ECF No. 5 at 2). M Resorts contends that it properly seeks injunctive relief on behalf of the general public because it has standing to bring a UCL claim. (*Id.* at 8 (citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)).

The UCL prohibits "any unlawful, unfair or fraudulent business practice." Cal. Bus. & Prof. Code § 17200. The primary form of relief available under the UCL is an injunction. Cal. Bus. & Prof. Code § 17203; *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009). "Before 2004, [the UCL] authorized action by 'any person acting for the interests of itself, its members or the general public.'" *McGill*, 2 Cal. 5th at 958 (quoting Cal. Bus. & Prof. Code, former § 17535, as amended by Stats. 1993, ch. 926, § 2, p. 5198). In 2004, voters passed Proposition 64, which amended the UCL to provide that a person has standing to file an "[a]ction[ ] for relief" under the UCL if the person "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *McGill*, 2 Cal. 5th at 958. The amendment allows private persons to "pursue representative claims or relief on behalf of others only if [they] meet the standing requirements . . . and compl[y] with Section 382 of the Code of Civil Procedure." Cal. Bus. & Prof. Code § 17203. The phrase "compl[y] with Section 382 of the Code of Civil Procedure" "imposes a requirement that the action be brought as a class action." *Arias v. Sup. Ct.*, 46 Cal. 4th 969, 978 (2009).

In *McGill*, the California Supreme Court concluded that the 2004 amendments to the UCL affect private persons pursuing public injunctive relief. The court stated that the amended provisions

> do not preclude a private individual who has 'suffered injury in fact and has lost money or property as a result of' a violation of the UCL . . . —and who therefore has standing to file a private action—from requesting public injunctive relief in connection with that action.

*McGill*, 2 Cal. 5th at 959. The court explained that a person who has standing under the UCL "is 'fil[ing]' the 'lawsuit' or 'action[ ]' on his or her own behalf, not 'on behalf of the general public,'" even if the person requests public injunctive relief. *Id.* (quoting Prop. 64, § 1, subds. (b)(4), (f)) (alterations in original). The court concluded that a request for public injunctive relief by a private plaintiff "does not constitute the 'pursu[it]' of 'representative claims or relief on behalf of others' within the meaning of Business and Professions Code section[ ] 17203 . . . such that 'compli[ance] with Section 382 of the Code of Civil Procedure' is required." *Id.* at 959-60 (alterations in original). In sum, a private person who has standing to sue under the UCL may "seek[ ], as one of the requested remedies, injunctive relief 'the primary purpose and effect of' which is to 'prohibit and enjoin conduct that is injurious to the general public.'" *Id.* at 959 (quoting *Broughton v. Cigna Healthplans of Cal.*, 21 Cal. 4th 1066, 1077 (1999)).

Public injunctive relief "is for the benefit of the general public rather than the party bringing the action." *Broughton*, 21 Cal. 4th at 1082. Public injunctive relief must "by and large benefit[ ] the general public and . . . the plaintiff, if at all, only incidentally and/or as a matter of the general public." *McGill*, 2 Cal. 5th at 955 (quotations omitted). Private injunctive relief, by contrast, "primarily resolves a private dispute between the parties . . ., rectifies individual wrongs . . ., and [ ] benefits the public, if at all, only incidentally." *Id.* (quotations omitted). "Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." *Id.*

In this case, M Resorts seeks "personal and public injunctive relief against Defendants' ongoing business practices." (ECF No. 1-2 ¶ 46). M Resorts alleges that Defendants have an unlawful or unfair business practice of "collecting [very] large premiums on Variable Life Insurance Policies during the relative youth of the insured persons, and thereafter, manufacturing grounds for lapse, cancellation or termination in the elder years of the insureds to avoid paying claims under such policies." (*Id.* ¶ 43). M Resorts alleges that this unlawful or unfair business practice is manifest by Defendants "failing to give notice of a premium payment due, a premium payment overdue, and/or a pending lapse of the Policy as required by law." (*Id.* ¶ 44). M Resorts alleges that "[i]f Defendants are not enjoined from engaging in the unlawful and unfair business practices described herein, Plaintiff and the general public will be irreparably harmed." (*Id.* ¶ 47). M Resorts alleges that "Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring significant benefit upon the general public." (*Id.* ¶ 49).

M Resorts has standing to bring an action for violation of the UCL. The issue, therefore, is whether M Resorts has requested public injunctive relief. The injunctive relief that M Resorts seeks in this case would benefit M Resorts as well as people similarly situated to M Resorts. The allegations in this case differ from allegations in cases like *McGill*, where the plaintiff sought an injunction prohibiting unfair advertising and marketing. *McGill*, 2 Cal. 5th at 956-957. In this case, the class of people who stand to benefit from M Resorts' requested relief is not the general public but rather is limited to a class of people who are well-defined and have a similar interest: people who have or had variable life insurance policies with Defendants. *Id.* at 960; *see McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 858 (S.D. Cal. 2019) (holding plaintiff did not seek public injunctive relief because injunction would benefit only U.S. Bank account holders); *Wright v. Sirius XM Radio Inc.*, No. SACV 16-01688 JVS (JCGx), 2017 WL 4676580, at *9 (C.D. Cal. Jun. 1, 2017) (holding plaintiff did not seek public injunctive relief because request to enjoin defendants from terminating lifetime subscriptions and charging additional money

for previously purchased lifetime subscriptions benefitted a particular class of people rather than the general public).

Any benefit to the general public by enjoining Defendants' alleged unlawful or unfair business practices would be merely incidental to the benefit to M Resorts and other people with insurance contracts with Defendants. M Resorts' allegations that an injunction in this case would benefit the general public are conclusory. *See Blair v. Rent-A-Center, Inc.*, No. C 17-02335 WHA, 2017 WL 4805577, at *2 (N.D. Cal. Oct. 25, 2017) ("Merely declaring that a claim seeks a public injunction [ ] is not sufficient to bring that claim within the bounds of the rule set forth in *McGill*."). M Resorts fails to state facts from which this Court can infer that M Resorts seeks public injunctive relief. Accordingly, Defendants' request the Court dismiss M Resorts' request for public injunctive relief is granted.

M Resorts further requests "personally, and on behalf of the general public, restoration of money damages . . . ." (ECF No. 1-2 ¶ 46). Only equitable relief is available under the UCL; damages cannot be recovered. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). To the extent M Resorts seeks restitution on behalf of the general public, M Resorts fails to state facts from which this Court can infer that M Resorts seeks public restitution.[3] *McGill*, 2 Cal. 5th at 959; *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 156 (2000). Defendants' request the Court dismiss M Resorts' request for money damages/restitution on behalf of the general public is granted.

### b. Attorney's Fees Under Cal. Code. Civ. P. § 1021.5

Defendants contend that M Resorts is not entitled to attorneys' fees under the private attorney general statute, section 1021.5 of the California Code of Civil Procedure, because any public interest goals are secondary to M Resorts' personal and business goals in this litigation. Defendants contend that M Resorts fails to state facts that show it may recover fees under section 1021.5. M Resorts contends that the Court should not dismiss its claim

---

[3] M Resorts does not object to dismissal of its request for money damages/restitution on behalf of the general public.

10

for attorneys' fees under section 1021.5 at this stage in the litigation because a motion for attorneys' fees under section 1021.5 is filed at the end of litigation and is based on factors obtained during discovery and trial. M Resorts contends that it alleges facts that show the lawsuit is in the public interest.

The private attorney general statute, section 1021.5, provides, in pertinent part:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Section 1021.5 allows recovery of attorneys' fees in an action "*which has resulted in* the enforcement of an important public right affecting the public interest." (emphasis added). *See Ferretti v. Pfizer Inc.*, 11-CV-04486, 2013 WL 140088, at *22 (N.D. Cal. Jan. 10, 2013) (denying motion for summary judgment on attorneys' fees under section 1021.5, because "whether attorney's fees are appropriate under Section 1021.5 is an issue that is ordinarily decided after judgment has been entered"); *see also Marini v. Mun. Court*, 99 Cal. App. 3d 829, 834 (1979) ("[S]ection 1021.5 . . . provides a special motion procedure . . . intended to be initiated after the result of the action is known . . . ."). To recover attorneys' fees under section 1021.5, the plaintiff does not need to include a prayer in the pleading; a request for attorneys' fees under section 1021.5 may be raised for the first time post-judgment. *Snatchko v. Westfield LLC*, 187 Cal. App. 4th 469, 497 (2010).

In addition, to recover attorneys' fees, the party seeking the fees must file a motion showing that they meet each factor in section 1021.5. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1107-08 (N.D. Cal. 2003); *Hambrick v. Healthcare Partners Med. Grp.*, 283 Cal. App. 4th 124, 158 (2015). The requirement for an award of attorneys' fees under section 1021.5 that the action resulted in a significant benefit for "a large class of persons" is less stringent than the requirement for seeking public injunctive relief. "Determining whether

awarding attorneys' fees under § 1021.5 is appropriate requires a factor based analysis that seems impossible to properly undertake at the pleading stage." *Cones v. Parexel Int'l Corp.*, No. 16-cv-03084-L-BGS, 2017 U.S. Dist. LEXIS 105508, at *7 (S.D. Cal. Jul. 7, 2017); *see San Diego Branch of NAACP v. Cty. of San Diego*, No. 16-CV-2575 JLS (MSB), 2019 U.S. Dist. LEXIS 13375, at *45 (S.D. Cal. Jan. 25, 2019) (holding that "[i]t is premature to rule on Plaintiffs' request for attorneys' fees" under section 1021.5 on a motion to strike or dismiss). Defendants' request the Court dismiss M Resorts' request for attorneys' fees pursuant to section 1021.5 is denied.

### c. **Attorneys' Fees Under the UCL**

Defendants contend that M Resorts is not entitled to attorneys' fees under the UCL because attorneys' fees are not recoverable under the UCL. M Resorts "has no objection to the Court entering its order to strike . . . Plaintiff's request for attorney's fees based on *Business & Professions Code* § 17200." (ECF No. 5 at 2). Accordingly, Defendants' request that the Court dismiss M Resorts' request for attorneys' fees under the UCL is granted.

### d. **Attorneys' Fees Pursuant to Law and Contract**

Defendants contend that the Court should dismiss M Resorts' requests for attorneys' fees because neither the UCL nor section 1021.5 entitles M Resorts to an award of attorneys' fees, and the insurance contract does not provide for an award of attorneys' fees. M Resorts contends that the Court should not dismiss its request for attorneys' fees pursuant to the insurance contract because "[t]he contract attached to the Complaint is *an exemplar* provided by Defendants, not an authenticated copy . . . [and] appears to be incomplete." (ECF No. 5 at 6-7 (emphasis in original)). M Resorts contends that it has properly pled a request for attorneys' fees "as permitted by law and contract" because California law expressly provides for the recovery of attorneys' fees in an action to force a defendant to honor an insurance contract. (*Id.* at 7).

"California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." *Trope v.*

*Katz*, 11 Cal. 4th 274, 278 (1995) (citations omitted). This rule is subject to several exceptions, including that a party may recover attorneys' fees where a contract so provides. *Id.* at 279 (citing Cal. Civ. Code § 1717, which provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded to either one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs").

In addition, in *Brandt v. Superior Court*, the California Supreme Court established:

> When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss -- damages -- proximately caused by the tort . . . . These fees must be distinguished from recovery of attorney's fees *qua* attorney's fees, such as those attributable to the bringing of the bad faith action itself. What we consider here is attorney's fees that are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action.

37 Cal. 3d 813, 817 (1985).

In this case, M Resorts requests "damages including . . attorney's fees and litigation costs necessary to force Defendants to honor the insurance contract . . .," in connection with its breach of contract claim. (ECF No. 1-2 ¶ 35). M Resorts further seeks "pre-judgment interest, litigation costs and attorney's fees according to proof as permitted by law and contract." (*Id.* at 18).

Defendants acknowledge that M Resorts may be able to recover attorneys' fees as a measure of damages. (*See* ECF No. 6 at 6). M Resorts has properly pled a request for attorneys' fees pursuant to *Brandt* as a measure of damages in paragraph 35. Defendants' request the Court dismiss M Resorts' request for attorneys' fees in paragraph 35 of the Complaint is denied.

The Court has determined that it is improper at this stage in the litigation to dismiss M Resorts' request for attorneys' fees under section 1021.5. Accordingly, dismissal is not warranted for M Resorts' general request for attorneys' fees "as permitted by law." (ECF No. 1-2 at 18). Defendants' request the Court dismiss M Resorts' request for attorneys' fees "as permitted by law" is denied. (*Id.*).

In regard to M Resorts' request for attorneys' fees "as permitted by . . . contract," M Resorts has failed to state facts from which the Court can infer that the insurance contract provides for recovery of attorneys' fees. (*Id.*). Defendants' request the Court dismiss M Resorts' request for attorneys' fees "as permitted by . . . contract" is granted. (*Id.*).

## IV. CONCLUSION

Defendants' Motion to Strike and Dismiss Portions of Complaint (ECF No. 3) is granted in part and denied in part. M Resorts' requests for public injunctive relief and monetary damages/restitution is dismissed without prejudice. M Resorts' request for attorneys' fees under the UCL is dismissed without prejudice. M Resorts' request for attorneys' fees "as permitted by . . . contract" (ECF No. 1-2 at 18) is dismissed without prejudice. M Resorts shall file any motion to amend the Complaint within thirty days of the date of this Order.

Dated: December 16, 2019

Hon. William Q. Hayes
United States District Court

14

19-cv-1545-WQH-AGH